UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

**ISAAC ROBINSON, SR.,**

                                      **Petitioner,**

               **vs.**                                  **9:02-CV-357 (NAM)**

**JOHN BURGE, Superintendent,**

                                      **Respondent.**

❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

APPEARANCES:
D.J. & J.A. CIRANDO, Esqs.
JOHN A. CIRANDO, Esq.
101 South Salina Street
Suite 1010
Syracuse, New York 13202
Attorneys for Petitioner

HON. ELIOT SPITZER
Attorney General of the State of New York
SENTA B. SIUDA, Esq., Assistant Attorney General
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204-2455
Attorney for Respondent

**Hon. Norman A. Mordue, D.J.:**

**MEMORANDUM-DECISION AND ORDER**

**INTRODUCTION**

      Petitioner, an inmate in the custody of the New York State Department of Correctional Services, brought this proceeding for habeas corpus under 28 U.S.C. § 2254. Petitioner's application was referred to United States Magistrate Judge Gustave J. DiBianco for a Report-Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.4.

      Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court conducts a *de novo* review of those parts

of a magistrate judge's report-recommendation to which a party specifically objects. Where only general objections are filed, the Court reviews for clear error. *See Brown v. Peters*, 1997 WL 599355,*2-*3 (N.D.N.Y.), *aff'd without op.*, 175 F.3d 1007 (2d Cir. 1999). Failure to object to any portion of a report-recommendation waives further judicial review of the matters therein. *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993).

## BACKGROUND

On January 6, 1999, petitioner pleaded guilty in New York State Supreme Court, Onondaga County, to murder, second degree, arising from the death of petitioner's twenty-month-old son. In the plea colloquy, the court inquired whether petitioner admitted:

> under circumstances evincing a depraved indifference to human life, that you were eighteen years old or more, and that you recklessly engaged in conduct which created a grave risk of serious physical injury or death to another person who was less than eleven years old, specifically, Isaac Robinson, Jr., date of birth November 5, 1996, thereby, you caused the death of said Isaac Robinson, Jr. Specifically, it's alleged that the defendant did strike said infant causing rib fractures and other injuries which resulted in said infant's death. Do you so admit?

Petitioner responded, "Yes."

On March 19, 1999, through new counsel, petitioner moved to withdraw his plea on the ground that it had been involuntary because he had not understood the "depraved indifference" element of the crime. He also argued that his first attorney did not advise him properly regarding the possibility of a lesser included offense. Petitioner's affidavit stated:

> From the limited discussion that I had with [my first lawyer], I was given the impression that if the case went to trial and a jury found me not guilty of depraved murder, that they could find me guilty of the lesser included crime of Manslaughter in the First Degree. I now understand that the highest proper lesser included offense a jury could consider would be Manslaughter in the Second Degree.
>
> Although I do not deny that I struck my son with my hand and I am willing to accept the consequences of my actions, I sincerely believe that I did not strike my son "under

> circumstances evincing a depraved indifference to human life." Had my [first] attorney ... fully and completely explained to me the meaning of depraved indifference to human life, I would not have pled guilty. At the time I pled guilty I did not understand the difference between depraved murder and manslaughter. I would like a jury to decide this issue.

(Paragraph numbering omitted.)

On May 12, 1999, Onondaga County Supreme Court held that under the facts of the case there could be no lesser included offense to murder, second degree. Thereupon petitioner's second defense counsel withdrew the motion to withdraw the plea, stating that petitioner did not want to face an "all or nothing" trial. On May 28, 1999, petitioner was sentenced to 15 years to life imprisonment.

In a memorandum decision, the Appellate Division, Fourth Department, affirmed petitioner's conviction. *People v. Robinson*, 723 N.Y.S.2d 277 (4th Dep't 2000). The court rejected petitioner's challenge to his guilty plea based on the claim that he did not understand the meaning of the term "depraved indifference to human life." The court noted that petitioner's first defense counsel "acknowledged that she conferred with defendant and that the decision to enter a plea was made after they reviewed the forensic expert's report" and that defendant "did not raise any question concerning the meaning of the term during the plea proceeding and, in moving to withdraw the plea, did not specify how his current understanding of the term differs from his understanding at the time he entered the plea."

Further, the Appellate Division rejected the contention that petitioner should have been permitted to withdraw his plea on the ground that defense counsel failed to advise him that manslaughter in the second degree was a lesser included offense of murder, second degree. In fact, the Appellate Division held, manslaughter, second degree is not a lesser included offense of

murder, second degree, as charged. *See* N.Y. Penal Law, § 125.25(4). The court reasoned that creating a grave risk of serious physical injury is an element of second-degree murder as charged, but not an element of manslaughter in the second degree; thus, it is possible to commit the greater crime without also committing the lesser. The New York Court of Appeals denied leave to appeal. *People v. Robinson*, 96 N.Y.2d 762 (2001).

In the petition presently before this Court, petitioner claims that the trial court should have allowed him to withdraw the plea because he did not understand the crime to which he was pleading. In an excellent Report and Recommendation, Magistrate Judge DiBianco concludes that the petition lacks merit and recommends that it be denied. Petitioner has interposed objections.

## DISCUSSION

Petitioner's objection to the Report and Recommendation raises two issues: (1) that his guilty plea was involuntary; and (2) that he was denied effective assistance of counsel. This Court considers both questions *de novo*.

This Court's standard of review on a habeas corpus challenge stemming from a State court judgment depends on whether the State court decided the issue on the merits. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, provides in subdivision (d):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts

in light of the evidence presented in the State court proceeding.

Section 2254(e)(1) provides that in a habeas corpus proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct." The burden is on the applicant to rebut the presumption of correctness "by clear and convincing evidence." Where, however, the State court has not adjudicated a claim "on the merits," the pre-AEDPA standard of review applies, and the court reviews *de novo* both questions of law and mixed questions of law and fact. *See Washington v. Shriver*, 255 F.3d 45, 55 (2d Cir. 2001).

**Whether the plea was voluntarily and knowingly entered**

Petitioner's claim that his plea was not voluntarily and knowingly entered is based on his claim that he did not understand the meaning of the term "depraved indifference," an element of the crime charged. New York's Penal Law, § 125.25(4), provides that a person is guilty of murder in the second degree when,

> under circumstances evincing a depraved indifference to human life, and being eighteen years old or more, the defendant recklessly engages in conduct which creates a grave risk of serious physical injury or death to another person less than eleven years old and thereby causes the death of such person.

New York law defines "recklessly" as follows:

> A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation....

N.Y. Penal Law, § 15.05(3).

"Depraved indifference" requires proof that the actor's reckless conduct is "imminently dangerous." *People v. Lynch*, 95 N.Y.2d 243, 247 (2000). Evaluation of whether conduct

evinces depraved indifference requires an "objective assessment of the degree of risk presented by defendant's reckless conduct." *Id*. To rise to the level of depraved indifference, the reckless conduct must be "so wanton, so deficient in a moral sense of concern, so devoid of regard of the life or lives of others, and so blameworthy as to warrant the same criminal liability as that which the law imposes upon a person who intentionally causes the death of another." *People v. Russell*, 91 NY2d 280, 287-88 (1998) (citation and internal quotes omitted).

Here, petitioner admits that on July 25, 1998, he struck his twenty-month-old son. In a statement to police he admitted "punching" the toddler in the chest three times because he was crying. There is also a statement in the file from an older child who claimed to have seen petitioner kick his son during the same incident. Thereafter the child was having difficulty breathing and petitioner took him out on the front porch for some "fresh air." The child was taken to the hospital later the same day. He was diagnosed as brain dead and placed on a ventilator. On July 29, 1998, life support was removed from the child and he died.

The autopsy report stated the cause of death as "Multiple blunt force injuries due to child abuse." The diagnoses included: blunt force trauma with injury to head and left lower back; massive abdominal trauma including multiple lacerations of liver, injury to the right adrenal gland and extensive hemorrhage surrounding the right kidney and right adrenal gland; and multiple episodes of blunt chest trauma with extensive rib fractures of at least four episodes.

Petitioner's complaint that he did not understand the meaning of depraved indifference is unpersuasive. First, factual support for a finding of depraved indifference is apparent from the circumstances. Petitioner admits that he struck the child. The force of the blows caused rib fractures, injuries to multiple internal organs, internal bleeding, and death. Assessed objectively,

striking a toddler which such force is obviously imminently dangerous and devoid of regard for the child's life.  The nature and extent of the child's injuries evinces that petitioner acted with depraved indifference, *see, e.g.*, *People v. Kalwaskinski*, 553 N.Y.S.2d 802, 804 (2d Dep't 1990); nor can petitioner reasonably profess that he thought otherwise.

Further, during the plea colloquy, petitioner responded "Yes" to the court's inquiry whether petitioner acted "under circumstances evincing a depraved indifference to human life" and "recklessly engaged in conduct which created a grave risk of serious physical injury or death" in that petitioner "did strike said infant causing rib fractures and other injuries which resulted in said infant's death."  These terms are not difficult to understand, particularly in light of the nature and extent of the toddler's injuries caused by petitioner's blows.  As the Appellate Division noted, "Defendant did not raise any question concerning the meaning of the term during the plea proceeding and, in moving to withdraw the plea, did not specify how his current understanding of the term differs from his understanding at the time he entered the plea."  723 N.Y.S.2d at 277.

In any event, even if the initial plea was not voluntarily and knowingly entered, petitioner was not ultimately affected thereby.  He was given new counsel who did properly advise him, who moved to withdraw the plea, and who then, after further proceedings, <u>withdrew the motion to withdraw the plea</u>.  Thus, regardless of what occurred initially, ultimately petitioner concluded (with the assistance of his second counsel, against whom he has no complaint) that he was better off with the plea.  There is nothing to suggest that the Appellate Division's resolution of the issue resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, or that it resulted in a decision that was based on an

-7-

unreasonable determination of the facts.

**Effective assistance of counsel**

Given the facts of this case, there is no basis to find that petitioner is entitled to relief on the ground of ineffective assistance of counsel. While the Appellate Division did not explicitly rule on the issue, it was raised in petitioner's brief before the Appellate Division and implicitly rejected by the Appellate Division's discussion and ruling.[1] Indeed, the question of effective representation is inherent in petitioner's contention that he did not understand the plea because his first lawyer did not properly advise him. Thus, the Court agrees with Magistrate Judge DiBianco that the AEDPA standard of review applies.[2]

The Court further agrees with Magistrate Judge DiBianco that the Appellate Division's decision was not contrary to or an unreasonable application of clearly established Federal law, nor did it result in an unreasonable determination of the facts in light of the evidence. Magistrate Judge DiBianco reasoned that counsel can not be faulted for failing to advise petitioner of a lesser included offense that in fact did not exist.

In his objection, petitioner contends that Magistrate Judge DiBianco "did not focus on petitioner's true ineffective assistance of counsel claim – [his first counsel's] failure to explain

---

[1] The Court is not persuaded by petitioner's argument that the Appellate Division's citation of *People v. Kalwaskinski*, 553 N.Y.S.2d 802 (1990), demonstrates that it applied the wrong standard to the ineffective assistance issue. Rather, the citation of *Kalwaskinski* appears to pertain to the defendant's understanding of depraved indifference in light of all the circumstances, including the nature and extent of injuries suffered by an infant at the hands of the defendant and the fact that defense counsel reviewed the forensics report with the defendant.

[2] In any event, given the lack of merit to this point, application of the pre-AEDPA *de novo* standard of review yields the same result.

the meaning of depraved indifference to human life." This Court has already rejected petitioner's argument that his plea was involuntary because he did not understand the meaning of depraved indifference. Moreover, even assuming that petitioner's first lawyer did not properly advise him regarding the meaning of "depraved indifference," petitioner was not affected by such error. As discussed above, petitioner was given a second lawyer who advised him regarding depraved indifference, who moved to withdraw the plea, and who then withdrew the motion to withdraw the plea on the ground that it was in petitioner's interest not to go to trial. Petitioner has not demonstrated his entitlement to habeas corpus relief.

## CONCLUSION

It is therefore

ORDERED that the Report and Recommendation of United States Magistrate Judge Gustave J. DiBianco is adopted in its entirety; and it is further

ORDERED that the petition is denied and dismissed.

IT IS SO ORDERED.

April 6, 2005
Syracuse, New York

Norman A. Mordue
U.S. District Judge